UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN F. DILLARD,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES/US MARSHALS, US PROBATION OFFICERS, DEBORAH GRASHAM, DAVID C. NYE, KASSANDRA MCGRADY, CRYSTAL LALEMAN, and COLIN STARRY,<br><br>　　　　　　　Defendants. | Case No. 1:23-cv-00557-AKB<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

　　　　Having reviewed pro se plaintiff Jonathan Dillard's Complaint in this action in the context of his other pending cases, the Court finds that the allegations made in the Complaint duplicate those made in Plaintiff's other two pending lawsuits, Case No. 1:23-cv-00337-AKB, *Dillard v. Ada County Jail* ("Case 337"), and Case No. 1:23-cv-00572-AKB, *Dillard v. United States of America* ("Case 572"). All three lawsuits assert claims arising from Plaintiff's revocation of probation or supervised release in his criminal action, Case No. 1:15-cr-00170-DCN, *United States v. Dillard* ("Case 170"). In the Initial Review Orders in Case 337 and Case 572, the Court has given Plaintiff detailed instructions for amendment and for omission of claims that are barred by absolute judicial immunity, absolute quasi-judicial immunity, and sovereign immunity. Plaintiff has also been given notice that, at the pleading or later stage of proceedings, other claims may be subject to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); res judicata, *see Migra v. Warren City Sch. Dist. Bd. of Education*, 465 U.S. 75 (1984); or qualified immunity.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

The Court gives Plaintiff notice that "it is malicious per se for a pauper to file successive In Forma Pauperis suits that duplicate claims made in other pending or previous lawsuits." *See Brinson v. McKeeman*, 992 F. Supp. 897, 912 (D. Tex. 1997); *see Scott v. Weinberg*, 2007 WL 963990, at *12 (D. Wash. 2007) (malicious suits include those that are "attempt[s] to vex, injure, or harass the defendants," that are "plainly abusive of the judicial process or merely repeat[] pending or previously litigated claims," or that can be characterized as "irresponsible or harassing litigation"); *see Thomas v. Commonwealth of Virginia*, 2005 WL 1074333, at *5 (D. Va. 2005) (repetitive lawsuit was frivolous and malicious where plaintiff was told in his previous suit that he had not stated a claim).

Accordingly, the Court will dismiss this duplicative lawsuit without prejudice. Plaintiff may bring any cognizable and actionable claims in an amended pleading in Case 337 or Case 572.

## ORDER

**IT IS ORDERED:**

1. Plaintiff may not proceed in this case because it duplicates claims made in Cases 337 and 572.

2. If Plaintiff desires to proceed with his claims, he must choose to bring them in one of his other pending actions. The most efficient course of action would be to bring only his Ada County conditions of confinement claims in Case 337 and any actionable claims against federal officials in Case 572. In any event, Plaintiff must not duplicate claims in his amended complaints, but bring each claim only once in an amended complaint.

3. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is DENIED as MOOT.

4. Plaintiff's Motion to Adopt Autism Act of 2009 (a North Carolina state statute) is DENIED. The courts, a part of the judicial branch of government, do not adopt statutes,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

which is tasked to the legislative branch of government. The Court has addressed in Case 337's Initial Review Order Plaintiff's options for asserting his autism-related claims.

5. This entire case is DISMISSED without prejudice to Plaintiff asserting any proper claims against proper defendants in one of his other pending lawsuits.

DATED: March 15, 2024

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**